HALPERIN SHIPPING CO., INC., PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 87–02–00371

(Decided June 6, 1989)

*Serko and Simon,* (*Joel K. Simon, David Serko* and *Matthew G. Shaw*) for plaintiff.
*Stuart E. Schiffer,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office (*Al J. Daniel, Jr.*) for defendant.

OPINION AND ORDER

CARMAN, *Judge:* The defendant United States (the government) moves this Court to dismiss this action pursuant to USCIT Rule 12 (b)(1) and (5), on the grounds that this Court lacks subject matter jurisdiction and, alternatively, that plaintiff Halperin Shipping Co., Inc. (Halperin) has failed to state a claim upon which relief may be granted. Halperin claims jurisdiction under 28 U.S.C. § 1581(a)

---

[3]This does not preclude the court from finding upon later review that the time afforded was inadequate for meaningful participation.

(1982) for its action to recover duties allegedly paid twice to the government.

The government alleges that the demand for payment, from which Halperin's 90 day time to file a protest ran under 19 U.S.C. § 1514(a) (1982 & Supp. V 1987), was a notice of liquidated damages sent to Halperin dated June 18, 1982. The government claims that Halperin failed to make a timely protest pursuant to 19 U.S.C. § 1514(a) as a predicate to jurisdiction in this Court under 28 U.S.C. § 1581(a). Halperin contends the demand for payment was a letter dated March 31, 1983, and the protest of that demand was timely filed on June 8, 1983.

Alternatively, the government claims that even if this Court has jurisdiction, plaintiff's claim is not cognizable as a matter of law. The government claims that the only payment it received from Halperin was $219,586.00 tendered on April 18, 1983, in satisfaction of all duties due. Halperin's complaint alleges that it had previously paid an additional $219,586.00 to Saar Systems Inc., a licensed Customhouse broker. Plaintiff alleges further that the broker was in fact an agent of the government.[1]

Rule 8(a) of this Court requires that a pleading setting forth a claim for relief contain "a short and plain statement" of the grounds upon which jurisdiction depends, and "a plain statement of the claim showing that the pleader is entitled to relief * * *." In passing upon either a motion to dismiss for failure to state a claim or for lack of jurisdiction, the allegations in the complaint should be construed liberally and in favor of the plaintiff. *Scheuer* v. *Rhodes,* 416 U.S. 232, 236, (1974). The allegations of the complaint must be assumed to be true. *Cruz* v. *Beto,* 405 U.S. 319, 322 (1972).

A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would support its claim. *McLain* v. *Real Estate Board of New Orleans, Inc.,* 444 U.S. 232, 246 (1980), (*citing Conley* v. *Gibson,* 355 U.S. 41, 45–46 (1957)). The question to be decided is not whether the plaintiff will prevail in its claim but whether it is entitled to offer evidence in support of its claim, since federal policy favors disposition on the proof rather than on the pleadings. *De La Cruz* v. *Tormey,* 582 F.2d 45, 48 (9th Cir. 1978), *cert. denied,* 441 U.S. 965 (1979).

While the Court notes it will not permit frivolous lawsuits it nevertheless holds that the plaintiff has alleged a sufficient plain statement to satisfy jurisdictional requirements for the purpose of the complaint as well as sufficient grounds which if proven could entitle Halperin to the relief sought. The motion to dismiss is denied with leave to renew.

---

[1]Halperin's original complaint in this action alleged 28 U.S.C. § 1581(i) as the sole grounds for jurisdiction. In addition to the claims discussed above, the government's motion to dismiss filed on July 11, 1988 included as grounds for dismissal that Halperin lacked jurisdiction under 28 U.S.C. § 1581(i) and that the claims were barred by the statute of limitations under 28 U.S.C. § 2636(h). Halperin subsequently amended its complaint to allege jurisdiction solely upon 28 U.S.C. § 1581(a). At oral argument on this motion the government stipulated that these two issues were no longer in contention.